1

2

3

4

5

6

7

8                           IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERNEST LEE VADEN,

11              Plaintiff,                    No. CIV S-10-2219 JAM DAD (TEMP) P

12        vs.

13   WHEELER, et al.,

14              Defendants.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 1983.  On November 19, 2010, plaintiff's amended complaint was

18   dismissed with leave to file a second amended complaint.  Plaintiff has now filed a second

19   amended complaint.

20        The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

23   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

25   U.S.C. § 1915A(b)(1),(2).

26   /////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    In order to avoid dismissal for failure to state a claim a complaint must contain

9 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements

10 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other

11 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

12 statements do not suffice."  Ashcroft v. Iqbal, ___U.S.___, ___,129 S. Ct. 1937, 1949 (2009).

13 Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550

14 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15 the court to draw the reasonable inference that the defendant is liable for the misconduct

16 alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon

17 which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551

18 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see

19 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

20    Plaintiff's primary allegation in his second amended complaint is that he was

21 denied adequate medical care.  Plaintiff asserts that he was denied transportation to see an expert

22 in hand injuries because he refused to provide his inmate number to certain defendants who were

23 assisting with his possible transport.  Plaintiff indicates he did not provide his inmate number

24 when asked because has never memorized his it.  Plaintiff alleges that because he missed his

25 medical appointment with the hand expert, he now requires surgery.

26 /////

The Eighth Amendment demands, among other things, that prison officials not act in a manner "sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment claim based on inadequate medical care has two elements; "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A medical need is "serious" "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. (quoting Estelle, 429 U.S. at 104).

Deliberate indifference to a medical need is shown when a prison official knows that an inmate has a serious medical need and disregards that need by failing to respond reasonably to it. See Farmer v. Brennan, 511 U.S. 825 (1994). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Despite being given two opportunities to cure the deficiencies in his complaints, plaintiff has still failed allege facts sufficient to state a claim upon which relief can be granted under the Eighth Amendment or otherwise. First, it is not reasonable to assume that plaintiff requires surgery simply because he missed a single appointment with a hand specialist. Nothing before the court suggests plaintiff could not have his appointment with the specialist rescheduled close in time to the appointment which was originally scheduled. To the extent plaintiff was in pain, nothing suggests he was not free to seek pain medication at the prison infirmary. For these reasons, plaintiff has not alleged facts suggesting that he suffered any actionable injury as a result of any conduct on the part of defendants. Plaintiff has also failed to point to any facts suggesting defendants were deliberately indifferent to his serious medical needs. As indicated above, nothing suggests that plaintiff's trip to the hand specialist was an emergency. Moreover, a

request by prison staff for an inmate to state his inmate number is generally a reasonable request and nothing suggests the request was made with the intent to harass plaintiff in any way or to deny him any immediately necessary medical care.  Moreover, even if the facts alleged indicated that certain defendants overreacted by not allowing plaintiff transportation to his medical appointment due to his failure to provide his identification number, no cognizable civil rights claim would be stated.[1]

Under these circumstances granting plaintiff leave to amend a third time would be futile.  See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  For all the foregoing reasons, the court will recommend that this action be dismissed.

CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2011.

DAD/kc
vade2219.frs

_____
Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff makes other allegations in his complaint, none of which even arguably amount to a claim upon which he could proceed.

4